UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARK A. SCHULTZ,

        Plaintiff,

       v.                                      Case No. 25-cv-1736-bhl

CO SLATES,

        Defendants.

---

## SCREENING ORDER

---

    Plaintiff Mark Schultz, who is currently serving a state prison sentence at the Wisconsin Resource Center and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On November 5, 2025, Schultz filed an amended complaint, which he is allowed to do once at this stage without the Court's permission. *See* Fed. R. Civ. P. 15. This matter comes before the Court on Schultz's motion for leave to proceed without prepaying the full filing fee and to screen the amended complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

    Schultz has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Schultz has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $2.01. Schultz's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE AMENDED COMPLAINT

    The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of

Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE AMENDED COMPLAINT

According to Schultz, CO Slates gave him "someone else's meds under the impression they were [his] which caused [him] physical harm." Dkt. No. 4 at 4. Schultz asserts that he was sent to the health services unit to be examined. He states that he had chest pains, vomited, and felt dizzy afterwards.

### THE COURT'S ANALYSIS

Schultz fails to state a claim upon which relief can be granted. Courts have long recognized that an isolated, one-time mistake in dispensing the wrong medication amounts to negligence at most and is therefore not actionable under the Constitution. *See e.g., Van Leer v. Centurion Health of Indiana, LLC*, No. 1:22-CV-02050-TWP-MG, 2023 WL 2814156, at *2 (S.D. Ind. Apr. 6, 2023); *Anderson v. Novak*, 20-cv-901-bbc, 2021 WL 39621, at *1-2 (W.D. Wis. Jan. 5, 2021); *Robbins v. Pollard*, No. 16-CV-1128, 2016 WL 8672956, at *2 (E.D. Wis. Nov. 18, 2016); *Pittman v. Madison County*, 108 F.4th 561,566 (7th Cir. 2024) (explaining that, to prevail, a plaintiff must show that a defendant's actions were purposeful and intentional, not the result of negligence). The Court acknowledges that, according to Schultz, he has endured unfortunate consequences because

2

of the error, but the mere fact that he may have suffered harm does not mean the error gives rise to a constitutional claim. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 105 (1976) ("An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain."). Moreover, failure to adhere to prison policy does not, on its own, violate the Constitution. *See, e.g.*, *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003).

The Court notes that, on January 7, 2026, Schultz filed a document he entitled "Add on Complaint," in which he seeks to add additional allegations against other individuals. This filing is not properly before the Court because it does not comply with Civil L. R. 15. Under that Rule, Schultz was required to file a motion for leave to file a second amended complaint. The rule also required him to file a complete proposed second amended complaint as an attachment to the motion. Schultz did not comply with these requirements, so the Court will disregard the filing.

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Schultz believes he can cure the deficiencies identified in this decision, he may file a second amended complaint by **March 6, 2026**. He is advised that a second amended complaint will replace the prior complaints and must be complete in itself without reference to the prior complaints. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If a second amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If a second amended complaint is not received, the Court will dismiss this action based on Schultz's failure to state a claim in his original complaint. If Schultz does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision.

**IT IS THEREFORE ORDERED** that Schultz's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**, and his second motion for leave to proceed *in forma pauperis* (Dkt. No. 5) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that on or before **March 6, 2026**, Schultz may file a second amended complaint if he believes he can cure the defects described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Schultz a blank prisoner amended complaint form along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Schultz shall collect from his institution trust account the $347.99 balance of the filing fee by collecting monthly

3

payments from Schultz's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Schultz is transferred to another institution, the transferring institution shall forward a copy of this Order along with Schultz's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Schultz is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Schultz is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 27th day of January, 2026.

*s/ Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge