UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARK A. SCHULTZ,

        Plaintiff,

        v.                              Case No. 25-cv-1736-bhl

CO SLATES et al.,

        Defendants.

---

## DECISION AND ORDER

---

Plaintiff Mark Schultz, who is representing himself, is currently incarcerated at the Wisconsin Resource Center.  On April 24, 2026, the Court dismissed this case after concluding that the second amended complaint failed to state a claim on which relief could be granted.  About three weeks later, on May 14, 2026, Shultz filed a "response" to the Court's decision in which he restated his desire to proceed on deliberate indifference and negligence claims. At the time, it was not clear if Schultz was asking the Court to reconsider its decision or merely registering his disagreement with the decision.  However, on July 20, 2026, Schultz requested an update, noting that he needs to know if he has to file an appeal.  Accordingly, with that clarification, the Court will construe Schultz's May 14, 2026 filing as a motion for reconsideration under Fed. R. Civ. P. 59(e).

Under Fed. R. Civ. P. 59(e), a party may move to alter or amend a judgment within 28 days of the entry of judgment.  A Rule 59(e) motion may be granted only if a party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citations omitted).  A manifest error of law "is not demonstrated by the disappointment of the losing party.  It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.2d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Schultz does not identify newly discovered evidence or a manifest error of law. He simply rehashes the arguments he raised in his complaint and highlights caselaw that he believes supports a claim. Schultz's disagreement with the Court's application of the law is not a sufficient basis to grant Schultz the relief he seeks. If Schultz so desires, he may pursue an appeal within thirty days of this decision. *See* Fed. R. App. P. 4(a)(4). He is reminded that, if he cannot prepay the $605 appellate filing fee, he will be required to pay the fee through monthly deductions from his prisoner trust account. *See* 28 U.S.C. §1915(b)(1).

**IT IS THEREFORE ORDERED** that Schultz's response to the screening order, which the Court construes as a motion for reconsideration, (Dkt. No. 26) is **DENIED**.

Dated at Milwaukee, Wisconsin this 23rd day of July, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

2