UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARK A. SCHULTZ,

Plaintiff,

v. Case No. 25-cv-1736-bhl

ANDREW SLAETS et al.,

Defendants.

---

**ORDER**

---

Plaintiff Mark Schultz is currently incarcerated at the Green Bay Correctional Institution and representing himself in this 42 U.S.C. §1983 case. On April 24, 2026, the Court screened the amended complaint and dismissed this case based on Schultz's failure to state a claim upon which relief could be granted. Dkt. No. 24. Schultz appealed on August 24, 2026, and on August 31, 2026, he filed a motion for leave to appeal without prepaying the filing fee (*in forma pauperis*). The Court granted Schultz's motion to appeal *in forma pauperis* on September 28, 2026. For the reasons explained below, the Court will vacate its September 28, 2026 order and revoke Schultz's *in forma pauperis* status on appeal.

Under the PLRA, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). When determining whether a prisoner has acquired three "strikes" under §1915(g), a court "must consider prisoner actions dismissed on any of the three enumerated grounds both before and after the enactment of the PLRA." *Evans v. Ill. Dep't of Corrs.*, 150 F.3d 810, 811 (7th Cir. 1998) (citing *Abdul–Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996)).

Court records show that Schultz has accumulated three strikes: (1) *Schultz v. Boyea*, No. 25-cv-1335-bhl (E.D. Wis.) (dismissed for failure to state a claim on February 18, 2026); (2) *Schultz v. Slaets*, No. 25-cv-1736-bhl (E.D. Wis.) (dismissed for failure to state a claim on April 24, 2026); and (3) *Schultz v. Hermitanio*, No. 26-cv-718-bhl (E.D. Wis.) (dismissed for failure to state a claim on July 30, 2026). Schultz received his third strike about a month before he filed the notice of appeal in this case. Because Schultz previously filed three actions that were dismissed for failure to state a claim, he may not proceed *in forma pauperis* on appeal unless he demonstrates that he is under imminent danger of serious physical injury. In order to meet the imminent danger requirement of 28 U.S.C. §1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the appeal is filed, and the threat or prison condition causing the physical injury must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)). "Allegations of past harm do not suffice" to show imminent danger. *Id.*

Schultz's allegations do not meet the imminent danger requirement. Schultz asserts that he suffered negative side effects from taking his cellmate's medication. This completed act of harm, which occurred at a different institution, does not suggest that Schultz now faces an imminent risk of serious physical injury. Schultz is therefore not eligible for the exception to the "three strikes" provision under 28 U.S.C. §1915(g). Accordingly, if Schultz wants to proceed with his appeal, he must first pay the full appellate filing fee of $605. *Newlin v. Helman*, 123 F.3d 429, 433–34 (7th Cir. 1997), *rev'd on other grounds by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); 7th Cir. R. 3(b). Failure to pay in full may result in the appellate court dismissing the appeal. *See Newlin*, 123 F.3d at 434. If Schultz wishes to contest this ruling, he may renew his motion to proceed *in forma pauperis* with the Court of Appeals within 30 days. Fed. R. App. P. 24(a).

**IT IS THEREFORE ORDERED** that the Court's September 28, 2026 order (Dkt. No. 41) is **VACATED** and Schultz's *in forma pauperis* status on appeal is **REVOKED**.

**IT IS FURTHER ORDERED** that, if Schultz wants to proceed with the appeal, he must forward to the clerk of court $605.00 as the full appellate filing fee within fourteen days of the date of this order. The payment shall be clearly identified by the case name and numbers assigned to this action. Schultz's failure to comply with this order may result in dismissal of his appeal.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Schultz is confined and that a copy of this order be provided to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit, through the Court's electronic case filing system.

Dated at Milwaukee, Wisconsin on October 20, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge